UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARIO MORROW

Case Nos: 8:12-cv-1889-T-24-TGW
v.                                                                8:08-cr-399-T-24-TGW

Related Case Nos: 8:10-cv-391-T-24-TGW
8:12-cv-1341-T24-TGW
8:12-cv-1658-T-24-TGW

UNITED STATES OF AMERICA
_____/

## **ORDER**

This cause comes before the Court on Petitioner Dario Morrow's fourth motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (CV Doc. No.1; CR Doc. No. 141).   Because a review of the motion and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not hold an evidentiary hearing and will proceed to address the matter.  As explained below, Petitioner's § 2255 motion is DISMISSED as untimely and successive.

## I.      **Background[1]**

On December 22, 2008, Petitioner pleaded guilty, pursuant to a plea agreement, to (1) conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841 and 846, and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2.  (CR Doc. No. 44, 58). On March 12, 2009, the Court sentenced Petitioner to 120 months' imprisonment for Count One of the indictment, and an additional 60 months' imprisonment for Count Two of the indictment, to run consecutively, for a total of 180 months' imprisonment.  (CR Doc. No.

---

[1]  See the Court's previous order for an expanded background of this case.  (CR Doc. No. 139).

96).  The Court also sentenced Petitioner to 60 months' supervised release.  (CR Doc. No. 96).

The Court entered judgment on the same day.  (CR. Doc. No. 96).  Petitioner did not file a direct

appeal, but he has filed a series of collateral attacks.

## II.    Successive Filing

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), when a

prisoner previously has filed a § 2255 motion, he must apply for and receive permission from [a

panel of the appropriate court of appeals] before filing a successive § 2255 motion."  United

States v. Neder, 451 F. App'x 842, 845 (11th Cir. 2012) (per curiam) (citing 28 U.S.C. §§

2244(a), (b)(3), 2255(h)).  "Absent [the Eleventh Circuit's] permission, the district court lacks

jurisdiction to address the motion, and it must be dismissed."  Id. (citing United States v. Holt,

417 F.3d 1172, 1175 (11th Cir. 2005)).  Petitioner has not shown that he has sought or obtained a

certificate of appealability from the Eleventh Circuit that would allow Petitioner to file a

successive § 2255 motion.  Accordingly, Petitioner's § 2255 motion must be dismissed.

## III.    Untimely Filing

Petitioner's § 2255 motion must also be dismissed because it is untimely.  AEDPA

established a mandatory, one-year "period of limitation" for § 2255 motions, which runs from

the latest of the following events:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4)).

Petitioner did not appeal his conviction; therefore, his conviction became final when the time for filing an appeal expired.  See Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).  At the time that Petitioner was sentenced, the time for filing a direct appeal expired ten days after the written judgment of conviction was entered on the criminal docket.  Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6).[2]  Therefore, Petitioner's conviction became final in March of 2009.

Under § 2255(f)(1), Petitioner had one year from the date that his conviction became final in which to file his § 2255 motion.  Petitioner, however, did not submit the instant § 2255 motion for filing until August 14, 2012.  (CV. Doc. No. 1 at 39).  Since Petitioner filed this § 2255 motion more than three years after his conviction became final, he does not satisfy the time limit set forth in § 2255(f)(1).  Accordingly, Petitioner's § 2255 motion must be dismissed as untimely.

## IV.    Conclusion

Accordingly, Petitioner's § 2255 motion (CV Doc. No. 1; CR Doc. No. 141) is **DISMISSED** for lack of subject matter jurisdiction, as well as for being untimely.  The Clerk is directed to close the civil case.

---

[2]  The time period for filing a direct appeal set forth in Federal Rule of Appellate Procedure 4 has changed, and the new time period for a defendant to file an appeal in a criminal case is fourteen days after the later of: (1) the entry of judgment, or (2) the government's filing of a notice of appeal.

## <u>CERTIFICATE OF APPEALABILITY AND</u>
## <u>LEAVE TO APPEAL IN FORMA PAUPERIS DENIED</u>

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  <u>Id.</u>  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  <u>Id.</u> at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"  <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u> 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'"  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal <u>in</u> <u>forma</u> <u>pauperis</u>.  Therefore, Petitioner's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (CV Doc. No. 2) is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of August, 2012.

*Susan C. Bucklew*

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Petitioner